IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:19-cr-00027 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HAROLD EMANUEL ANDERSON ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is defendant Harold Emanuel Anderson's motion to suppress and request for a *Franks* hearing (Dkt. No. 31), which has been briefed and argued. Anderson argues that the court should suppress all evidence seized during a search of his home, pursuant to a search warrant issued on February 1, 2019, and executed on February 2, 2019. He alleges that the "warrant was based on an affidavit that was: a. defective on its face; and b. obtained pursuant to a Roanoke City policy and practice calculated to frustrate meaningful judicial review of police conduct and thereby obstruct justice." (*Id.* at 1.) He also argues that the affidavit was tainted with material omission of important facts, justifying an evidentiary *Franks* hearing. (*Id.* at 16.) For the reasons set forth below, the court will grant Anderson's motion with regard to his request for a *Franks*[1] hearing and take the remainder of the motion under advisement.

I. BACKGROUND

Anderson is charged in a two-count indictment with knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and with possessing with intent to distribute fifty grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Dkt. No. 12.)

According to the affidavit for the search warrant application, Detective Bridges, the affiant, believed Anderson to be in possession of heroin. The affidavit included an address for

---
[1] *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

what was believed to be Anderson's residence and a description of the residence as a "single family dwelling made up of red and white wood siding," with "a set of red steps in the front of the residence that lead up to the front door," and "[t]he number 2126 . . . clearly posted on the front of the residence." (Dkt. No. 31-1 at 4.)

In the space provided in the affidavit for "material facts constituting probable cause that the search should be made," Detective Bridges wrote "See Attachment A," referencing an attached single page. The attachment to the affidavit stated that for two months, "your affiant . . . conducted a narcotics investigation" of Anderson, during which "your affiant . . . conducted multiple controlled purchases" from him. It further stated that in the 72 hours leading up to the search warrant application, Detective Bridges used a confidential informant (CI) to purchase heroin from Anderson's residence. Before the transaction, Detective Bridges searched the CI and did not find illegal narcotics or currency, and he provided the CI with currency from the Roanoke City Police Department. Detective Bridges observed the CI both walking in and exiting the front door of Anderson's residence. After the CI exited the residence, he provided Detective Bridges with a brown substance that field-tested positive for heroin. The CI told Detective Bridges that when he was inside the residence, a person who he knows as Harold Anderson sold him heroin. He also told Detective Bridges that Anderson always has heroin and other illegal narcotics and that he believed there were narcotics, as well as evidence of distribution, inside the residence. The CI himself is a narcotic user who is familiar with the appearance and packaging of heroin. (*Id.* at 6.)

Where the search warrant application asks about the informer's credibility or the reliability of the provided information, Detective Bridges provided that he has been employed with the Roanoke Police Department since 2011, spent approximately three years on patrol, attended multiple drug narcotic related courses, and presently serves as a member of the High

2

Intensity Drug Trafficking Area regional drug task force unit. He made no statements concerning the CI's credibility. (Dkt. No. 31-1 at 5.)

A search warrant was issued by a magistrate at 1:12 p.m. on February 1, 2019, and executed the following day. (Dkt. No. 31-1 at 1–2.)

Anderson moves to suppress all evidence seized during the search of his home. He bases his motion on several alleged misrepresentations and/or omissions in the affidavit. First, the affidavit did not address the credibility or reliability of the informant who allegedly purchased heroin from Anderson during the controlled buy that was the basis for the search warrant application. Second, there is no documentation from the controlled purchase detailed in the affidavit, and the heroin that was allegedly obtained from the home was destroyed without any tracking information or report. Third, the informant involved in the "multiple controlled purchases" from Anderson in the past was not the same informant in the most recent controlled purchase that was detailed in the affidavit. Fourth, the first informant from the earlier controlled purchases was caught with suboxone, a narcotic, while conducting one of the controlled purchases from Anderson.

Accordingly, Anderson argues the search warrant is facially defective or, in the alternative, that the search warrant was supported by a tainted affidavit that omitted material facts, justifying a *Franks* hearing. At the hearing on the motion, the court determined that the affidavit for the search warrant is facially valid. The issue left before the court is whether the alleged omissions from the affidavit mandate a *Franks* hearing.

## II. DISCUSSION

For the reasons set forth below, the court will grant Anderson's request for a *Franks* hearing.

## A. Preliminary Showing Required for a *Franks* Hearing

A search warrant affidavit has a "strong 'presumption of validity.'" *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). However, under the requisite two-pronged test, if a defendant can, first, make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and, second, show that the false information was "essential to the probable cause determination," then he may "obtain an evidentiary hearing on the affidavit's integrity" (a *Franks* hearing). *Colkley*, 899 F.2d at 300. These showings are referred to as the "intentionality" and "materiality" prongs. *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016). The items found during the search will be excluded if the defendant establishes material perjury or recklessness by a preponderance of the evidence at the *Franks* hearing. *Id*. The defendant's preliminary showing must include a "detailed offer of proof" and not be merely conclusory. *Id*.

The two-pronged test required to obtain a *Franks* hearing "applies not only to cases in which an agent includes affirmatively false statements in a warrant affidavit, but also when an agent omits relevant facts from the affidavit." *Lull*, 824 F.3d at 117 (citing *Colkley*, 899 F.2d at 300). With regard to omissions from affidavits, *Franks* "protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate." *Colkley*, 899 F.2d at 301 (citing *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986) (emphasis in original)). Neither an intentional decision not to include every piece of information in the affidavit, nor negligence in omitting a relevant matter, is sufficient to meet this standard. *Id*. at 300–01.[2]

---

[2] The Fourth Circuit has expressed doubts as to whether bad motive can be inferred from an omission because to do so "collapses into a single inquiry the two elements—'intentionality' and 'materiality'—which *Franks* states are independently necessary." *Colkley*, 899 F.2d at 301.

An omission, if it meets the above standard, must also be material. That is, the omission "must do more than potentially affect the probable cause determination: It must be 'necessary to the finding of probable cause.'" *Id*. at 301 (quoting *Franks*, 438 U.S. at 156). In other words, the omission, if included in the affidavit, would have to "defeat probable cause." *Id.* "Omitted information that is potentially relevant but not dispositive is not enough to warrant a *Franks* hearing." *Id.*

**B. Anderson Has Made a Substantial Preliminary Showing that Justifies a *Franks* Hearing**

Anderson has made the requisite "substantial preliminary showing" that 1) the omissions from the affidavit were made in reckless disregard of whether they would mislead; and 2) that the omissions were essential to the magistrate's probable cause determination. *Id.*

**1. Intentionality**

As noted, under the intentionality prong, Anderson must make a substantial preliminary showing that Detective Bridges "omitted information with the intent to mislead the magistrate or that he omitted the information with reckless disregard of whether it would make the affidavit misleading." *Lull*, 824 F.3d at 115. In the case of an omission from the affidavit, the defendant's burden is greater in showing intent because "an affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." *Id.* (quoting *Colkley*, 899 F.2d at 300).

The government argues that the first CI's conduct is not directly at issue here. While the first CI's controlled buys were not the main basis for the search warrant application, it seems that they were included in the affidavit to bolster the reliability and trustworthiness of the more recent controlled purchase. However, not only does the first CI's possession of narcotics during one of the earlier controlled buys weaken the overall reliability of the information in the affidavit, but Detective Bridges' knowing omission of this important information calls into question whether

5

he recklessly disregarded that it could mislead the magistrate. *See Lull*, 824 F.3d at 116 (discussing how the investigator who submitted the affidavit "would surely know that reliability is 'key' to a magistrate's probable cause analysis when the search warrant application contains information provided by an informant"). Nevertheless, while the omitted information about the first CI, on its own, may not be enough to establish a substantial preliminary showing, it must be considered in addition to the other information omitted from the affidavit.

Detective Bridges' failure to include any information about the second CI's credibility and reliability is significant. The Fourth Circuit has made clear that information about the informant's credibility is directly relevant to a magistrate's determination of probable cause. Indeed, "[t]he trustworthiness of the confidential informant lies at the heart of the reliability determination." *Id.* at 117.

Considering the principle that reckless disregard may be shown if there is "evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause,'" Detective Bridges' omission of the first CI's offense—when that CI was thereafter terminated from the investigation of Anderson—and consequent omission of *any* information about the second CI, who ostensibly served as a replacement, is potentially material. *Id.* (quoting *Miller v. Prince George's Cty.*, 475 F.3d 621, 627 (4th Cir. 2007)). In *Lull*, the Fourth Circuit noted the omission from the search warrant application that the CI who conducted the controlled buy had committed theft during the buy and was subsequently arrested. The affidavit also did not include any information about the informant's reliability or previous experience working as a CI. *Id.* at 112–13. After the district court held a *Franks* hearing, it denied the defendant's motion to suppress. The Fourth Circuit reversed, highlighting that the Sheriff's Office had discharged the CI who committed theft, that the investigator who submitted the search warrant application knew of the CI's crime, and that the CI's theft had an "obvious impact" on "any

6

assessment of his reliability." *Id.* at 116. The court found that this omitted information was directly relevant to the magistrate's probable cause determination, particularly because of the importance of the CI's reliability in making this determination and because the affidavit did not include any other information about the CI's credibility or experience as an informant. *Id.* at 117. While the facts are slightly different here, looking to *Lull*, the affidavit's exclusion of any credibility information regarding the second CI, as well as the omission about the first CI's possession of narcotics, points to reckless disregard on the part of the affiant.

In addition to these concerning omissions, it is also worth noting that, in the portion of the search warrant application that asks for the "informer's credibility or the reliability of the information," Detective Bridges only provided information about himself. Even when specifically asked to describe the informant's credibility, he did not include any information about either CI. Moreover, when looking to the statements in the affidavit that "your affiant . . . conducted a narcotics investigation" and "your affiant . . . conducted multiple controlled purchases," it is highly unlikely that the magistrate would assume that there were two informants involved in this investigation. Instead, it appears that the officer made the purchases. These omissions and somewhat misleading statements compound the omitted information about the first informant's actions and the second informant's credibility and reliability to favor a finding of reckless disregard.

Anderson's arguments are not merely conclusory, nor do they only demonstrate mere negligence on the part of Detective Bridges. Rather, Anderson has provided a detailed offer of proof regarding Detective Bridges' recklessness by pointing to his omission of several pieces of relevant information and the misleading nature of other statements in the affidavit. Anderson's evidence at this stage is sufficient to constitute a "substantial preliminary showing" of reckless disregard under the intentionality prong, as required by *Franks*. *Franks*, 438 U.S. at 155.

7

Therefore, the court concludes that Anderson has made a substantial preliminary showing that Detective Bridges acted with reckless disregard in omitting this information.

   2. **Materiality**

Having concluded that Anderson has made a substantial preliminary showing under the intentionality prong, the court turns to the materiality prong. Under the materiality prong, Anderson must show that the omitted information was material and necessary to the finding of probable cause. *Colkley*, 899 F.2d at 301. If the magistrate "would have granted the search warrant even if the affidavit included the allegedly omitted information," then Detective Bridges' reckless disregard would be largely irrelevant. *United States v. Tate*, 524 F.3d 449, 457 (4th Cir. 2008). But if the inclusion in the affidavit of the omitted information would have defeated probable cause, the omission may serve as the basis for a *Franks* hearing. *Colkley*, 899 F.2d at 301. The court must look to the "totality of the circumstances" when assessing the materiality prong by "evaluating the affidavit as a whole and all circumstances set forth within." *Lull*, 824 F.3d at 118.

Critically, "[w]hen the information forming the basis for probable cause comes from an informant, the informant's 'veracity' and 'reliability' are critical to the totality of the circumstances test." *Id.* Moreover, the Fourth Circuit has held that "a judicial officer's assessment of probable cause . . . *must* include a review of the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." *Id.* (quoting *United States v. Perez*, 393 F.3d 457, 461–62 (4th Cir. 2004) (emphasis in original)).

Here, the second CI's purchase of heroin from Anderson's home was the primary basis for establishing probable cause in the search warrant application. As such, information about his veracity and reliability were "critical" to the magistrate's determination of probable cause. The magistrate was not provided with any such information here, and this omission in and of itself is

8

significant. *See Lull*, 824 F.3d at 111 (reversing the district court's denial of the defendant's motion to suppress because "the search warrant application omitted material information about the reliability of the confidential informant who was the primary source of the information used to establish probable cause.").

It is likely that the magistrate relied on the reference to "multiple controlled purchases" conducted by the "affiant" and the information about Detective Bridges' experience with investigating drug-related crimes to make up for this omission. But what the magistrate did not know, and could not have gleaned from the totality of the affidavit, is that there were two different confidential informants, that no information about reliability or trustworthiness had been provided for either of them, and that the first confidential informant was in possession of narcotics during one of the earlier controlled buys from Anderson. Therefore, looking to the omissions and the affidavit as a whole, the court finds that Anderson has also made a substantial preliminary showing under the materiality prong that the omitted information was material and necessary to the finding of probable cause. *Colkley*, 899 F.2d at 301.

\* \* \*

For the reasons discussed above, the court concludes that Anderson has made a substantial preliminary showing sufficient to obtain a *Franks* hearing on the affidavit's integrity. *Colkley*, 899 F.2d at 300.

**C. Roanoke City Police Department's "Probable Cause Buy" Policy**

Anderson also argues that Detective Bridges' implementation of the Roanoke City Police Department's "probable cause buy" policy during and after the controlled purchase—by failing to document the controlled purchase and destroying the evidence—does not survive Fourth Amendment scrutiny and further invalidates the affidavit. The court does not rely on the Roanoke City Police Department's failure to document the controlled purchase from Anderson's

home and to track and prevent the destruction of the evidence gathered from this purchase, pursuant to what it deems as its "probable cause buy" policy, in determining that a *Franks* hearing is warranted. When determining whether to issue a search warrant the magistrate would not know whether an incident report had been prepared or whether the evidence had been preserved.

III. CONCLUSION

For the reasons stated herein, Anderson's motion to suppress is TAKEN UNDER ADVISEMENT and his request for a *Franks* hearing is GRANTED. A hearing shall be set at a date and time in coordination with counsel.

The clerk is directed to send a copy of this order to all counsel of record.

Entered: July 23, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge